REQUESTED BY: Senator Loran Schmit Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator:
You have asked our opinion as to whether LB 654 is in violation of the provisions of Article VIII, Section 11, of the Nebraska Constitution. We are unable to see any way of avoiding the conclusion that that constitutional provision is violated by this bill.
LB 654 would provide that every public power district organized primarily to provide electricity which produces over three million megawatt hours of electrical power from coal fuel sources shall pay to the State Treasurer a sum equivalent to ten percent of the gross revenue derived by such districts during the preceding calendar year. We do not see how this could be described as anything other than a tax, and the drafter of the bill obviously also considered it to be a tax, because in Section 1 it is provided that the payment shall be `in addition to any other requiredtaxes.' (Emphasis supplied.)
Section 2 of the bill provides that such payments shall be deposited by the State Treasurer into a special fund known as the Local Government Grade Crossing Fund, and that such funds shall be used to construct and improve automatic crossing equipment, overpasses, and underpasses at railroad grade crossings in cities, villages, and unincorporated locals (sic) through which the trains delivering the coal run. This appears clearly to be a tax to finance a fund for a designated purpose.
Article VIII, Section 11, provides that public corporations and public subdivisions organized primarily to provide electricity shall make the same payments in lieu of taxes as they made in 1957, which payments shall be allocated in the same proportion to the same public bodies or their successors as they were in 1957. That section also authorizes the Legislature to require each such public corporation to pay a sum equivalent to five percent of the annual gross revenue of such public corporation derived from retail sales of electricity within cities or villages, less an amount equivalent to the 1957 payments in lieu of taxes made by such public corporation with respect to property or operations in any such city or village.
The payments in lieu of taxes as made in 1957, together with any payments made as authorized in that section of the Constitution shall be in lieu of all other taxes, payments in lieu of taxes, franchise taxes, occupation and excise taxes, but shall not be lieu of motor vehicle licenses and wheel taxes, permit fees, gasoline taxes and other such excise taxes or general sales taxes levied against the public generally. The tax to be imposed by LB 654 does not come within any of the exceptions enumerated in Section 11.
It might be argued that the first paragraph of Section 11 provides for `every public corporation and political subdivision' to pay the in lieu of tax as made in 1957, whereas as paragraph 2 speaks only of `public corporations,' and the prohibition against other taxes, it might be argued, apply only to public corporations, and not political subdivisions providing electricity. The argument might then go that public power districts are political subdivisions, and are not covered by the second paragraph of Section 11. This argument seems to be undercut, however, by Neb.Rev.Stat. § 70-602
(Reissue 1981), which provides that a public power district created as thereinafter provided shall be a public corporation and political subdivision of the state. It therefore appears that a public power district is a public corporation organized primarily to provide electricity, and that the type of tax imposed by LB 654 may not be imposed upon it.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General